Mr. Justice Clayton
delivered the opinion of the court.
This was a bill of injunction filed by the complainant under the following circumstances : He applied to an unincorporated banking institution, styled the McEwen, King & Co. Bank, to have a note discounted, which they agreed to do, but required the note to be made payable to the Northern Bank of Mississippi, to which institution, it was said, the note was to be transferred. The note was made in the required form, and the money procured. A suit was afterwards brought in the circuit court of Carroll county against Stovall, in the name of the Northern Bank. To this suit Stovall intended to interpose a plea of payment with notice of set-off, but was prevented by accidental circumstances. He afterwards, and after judgment, applied to the Northern Bank for a settlement and allowance of the claim which he had against that bank as a credit. The bank then informed him that the suit had been brought without its knowledge or consent; that it had no interest in, or claim to the note upon which the suit had been brought, and declined all interference in the matter. On subsequent inquiry he ascertained that the note was the property of McEwen, King & Co., although they are not parties to the suit; and complainant alleges that these facts have all come to his knowledge since the rendition of the judgment at law. The bill charges that McEwen, King <fc Co. *20 are insolvent, and the note was so made and the suit so brought “ in order to defraud the complainant and defeat the defence of payment and set-off, which complainant could have sustained, if the suit had been brought for the use of McEwen, King & Co.”
To this bill a demurrer was filed, which was sustained by the court below, and the bill dismissed.
This case resembles that of Niles et al. v. Anderson et al. 5 How. 365, in this, that in each, the defendant was charged with having obtained an advantage at law through fraud. The court there held that if the bill contain an allegation of fraud, it is a general rule that such allegation must be denied by answer; because fraud gives jurisdiction to the court and lays a foundation for relief — hence a general demurrer cannot be allowed.
Relief was given in a case very similar to the one under consideration by the court of appeals of Virginia. Snyder v. Daily, 1 Rand. 76. The bill there was filed after judgment at law. The counsel for the complainant, ip that case, placed the claim for relief upon proper grounds, when he asked “if the wrong-doer has obtained the advantage in a court of law by hiding the real character of the transaction under a trustee’s name, shall a court of equity refuse its aid, in vacating the contract 1 ”
We think, therefore, that the demurrer should have been overruled, and the parties required to answer and proceed to trial.
This decision is not intended to conflict with the opinion in the case of Thomas v. Phillips, 4 S. & M. 358, delivered at the last sitting of the court, or to limit the rule there laid down. Here there are special circumstances, which did not exist in that case, to exempt the cause from the operation of the general rule.
Decree reversed and cause remanded for further proceedings.